# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JEFFREY C. COX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:10-CV-1016-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

_____

## **MEMORANDUM OPINION**

Plaintiff Jeffrey Cox ("Mr. Cox") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner" or "Secretary"), who denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Mr. Cox timely pursued and exhausted his administrative remedies available before the Commissioner. The case is ripe for

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Cox was a 38 year-old male at the time of his hearing before the administrative law judge ("ALJ") and has completed the tenth grade. (Tr. 25). His past work experiences include employment as a sign erector, machinist, and welder. (Tr. 52-59). Mr. Cox claims he became disabled on April 11, 2007, due to back pain, wrist pain, and depression. (Tr. 23-24, 35).

Mr. Cox filed his application for DIB and SSI benefits on September 12, 2007. (Tr. 8). The application was denied by the Commissioner on October 24, 2007. *Id.* Mr. Cox filed a timely written request for a hearing on November 1, 2007, and the hearing was held on June 29, 2009. *Id.* The ALJ concluded that Mr. Cox was not disabled and denied his application on August 18, 2009. (Tr. 18). The Appeals Council denied Mr. Cox's request for review, thus making the ALJ's decision the final decision of the Commissioner. (Tr. 1). Mr. Cox filed a complaint with this court on April 20, 2010, asking for a judicial review of the ALJ's decision. (Doc. 1 at 1). This court has carefully considered the record and, for the reasons stated below, reverses the decision of the ALJ.

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

## **STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.* Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through July 19, 2011.

(4) whether the claimant can perform her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Phillips*, 357 F.3d at 1239.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Mr. Cox has not engaged in substantial gainful activity after the alleged onset of his disability on April 11, 2007. (Tr. 10). The ALJ also found Mr. Cox had the severe impairments of degenerative disc disease of the cervical and thoracic spines, history of T12 fracture, history of pelvic fracture, history

of basilar skull fracture, and history of left wrist fracture.[4] *Id.* The ALJ determined that these impairments, when considered individually or in combination, did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1 of the Regulations. (Tr. 11).

The ALJ evaluated Mr. Cox's residual functional capacity, and found that he retains the residual functional capacity to perform light work[5] except that Mr. Cox can stand four hours out of an eight hour day. (Tr. 11-12, 15). The ALJ determined that he cannot push or pull with his legs due to low back pain; he cannot climb ladders ropes or scaffolds; and he can perform posturals occasionally. (Tr. 11-12). Additionally, the ALJ concluded that overhead reaching should be limited to frequent and up to ten pounds above shoulder level; he should avoid extreme cold and

---

[4] A severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c).

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

vibration due to traumatic arthritis of the left wrist; and he should avoid all exposure to hazards. *Id.*

The ALJ determined that Mr. Cox is unable to return to his past relevant work as a welder and a machinist. (Tr. 15-16). Factoring in the Medical-Vocational Guidelines as a framework, and relying upon testimony from a vocational expert, the ALJ concluded that, although Mr. Cox's exertional limitations do not allow him to perform the full range of light work, there are a significant number of jobs in the national economy that he could perform. (Tr. 16). Examples of such jobs include Assembler (5,500 jobs in Alabama), Hand Packers (4,300 jobs in Alabama), and Security (2,400 jobs in Alabama). (Tr. 17). Accordingly, the ALJ concluded that Mr. Cox was not disabled as defined by the Social Security Act, and denied both his DIB and SSI claims. *Id.*

## **ANALYSIS**[6]

This court is limited in its review of the Commissioner's decision in that the Commissioner's findings of fact must be reviewed with deference. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)). In contrast to factual findings, however, the

---

[6] The following analysis and disposition persuasively flow from the undersigned's opinion in *Lavender v. Astrue*, No. 2:09-CV-2172-VEH (N.D. Ala. Feb. 28, 2011) (Doc. 13).

Commissioner's conclusions of law are subject to an "exacting examination" or *de novo* review. *See id.* ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal."). In particular, this court has a *"*responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (emphasis added).

Mr. Cox argues that "the ALJ abused his discretion and committed error of law requiring reversal of his decision." (Doc. 21 at 12). More specifically, Mr. Cox asserts that the ALJ "failed to place substantial weight with respect to the opinion(s) of the most current independent treating internal medicine doctor . . . Dr. Pat Herrera." *Id.* In its review, the court finds that the ALJ's decision is due to be reversed and remanded.[7]

### THE ALJ'S DECISION NOT TO ASSIGN CONSIDERABLE WEIGHT TO THE CLAIMANT'S TREATING PHYSICIAN'S OPINION IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Mr. Cox argues that the ALJ should have given greater weight to the opinion of his treating physician, Dr. Herrera. (Doc. 21 at 19). The Eleventh Circuit has held

---

[7] As a result, the court does not reach the merits of other issues presented on appeal, including the credibility of Mr. Cox's testimony concerning his pain symptoms.

that substantial weight must be given to the opinion of a treating physician in determining disability. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Eleventh Circuit has also explained that a physician's opinion may not be dismissed without good cause. *Id.* Good cause exists where the treating physician's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Id.*

Moreover, the ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. *Id.* However, when the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, this court will not re-weigh the evidence anew. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th. Cir. 2005) ("Where our limited review precludes re-weighing the evidence anew, and as the ALJ articulated specific reasons for failing to give [the treating physician's] opinion controlling weight, we find no reversible error.") (internal citation omitted).

On March 28, 2008, Dr. Herrera completed questionnaires regarding Mr. Cox's pain and physical impairments in which he indicated that Mr. Cox was "permanently and totally disabled from any gainful employment, that involves manual labor type

9

work" and suffered from "virtually incapacitating" levels of pain. (Tr. 328-32). The ALJ addressed Dr. Herrera's opinion, but did not assign it considerable weight "based on the nature and frequency of treatment provided by Dr. Herrera; the gap in treatments and the fact the claimant has not taken pain medication since August 2007."[8] (Tr. 14).

The ALJ noted that "[Mr. Cox] testified that he did not take any pain medication because he could not afford it," in his discussion of Mr. Cox's pain testimony. (Tr. 13). However, the ALJ did not mention Mr. Cox's poverty when discrediting Dr. Herrera's opinion of "virtually incapacitating pain" for being inconsistent with a lack of medication. In fact, Dr. Herrera noted or prescribed Mr. Cox's medication for back and wrist pain on each of Mr. Cox's six visits, on July 31, 2007, August 3, 2007, August 9, 2007, August 14, 2007, August 21, 2007, and finally over a year later on September 1, 2008.[9] (Tr. 334-39). In his notes from September 1, 2008, Dr. Herrera stated that Mr. Cox was "not taking any meds!" and immediately prescribed several pain medications including Lyrica and Celebrex. (Tr. 334).

---

[8] While the ALJ refers to questionnaires completed by Dr. Herrera on July 28, 2008, it is clear that he made a typographical error and actually refers to the March 28, 2008, questionnaires. (Tr. 14).

[9] This court notes that there were actually six visits, rather than five, as the ALJ stated in his opinion. (Tr. 14).

The Eleventh Circuit has held that poverty excuses noncompliance with prescribed medical treatment. *Dawkins v. Bowen*, 848 F.2d 1211, 1213-1214 (11th Cir. 1988); *see also, e.g., Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987) ("To a poor person, a medicine that he cannot afford to buy does not exist"); *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (failure to follow prescribed treatment does not preclude reaching the conclusion that a claimant is disabled when the failure is justified by lack of funds); *Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir. 1986) ("the ALJ must consider a claimant's allegation that he has not sought medical treatment or used medications because of a lack of finances"); *Teter v. Heckler*, 775 F.2d 1104, 1107 (10th Cir. 1985) (inability to afford surgery does not constitute an unjustified refusal and does not preclude recovery of disability benefits). Thus, while a remediable or controllable medical condition is generally not disabling, when a "claimant cannot afford the prescribed treatment and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law." *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir.1986) (footnote omitted).

The ALJ failed to reconcile Mr. Cox's inability to afford medication with Dr. Herrera's suggested course of treatment for managing his patient's pain. Dr. Herrera's opinion of Mr. Cox's "virtually incapacitating" pain level corresponded with his treatment because Dr. Herrera consistently prescribed a course of pain

medications. The ALJ stated that, "[a]lthough I've considered Dr. Herrera's opinion pursuant to SSR 96-2p, I do not assign it considerable weight based on the nature and frequency of treatment provided by Dr. Herrara; the gap in treatments; and the fact that the claimant has not taken pain medications since August 2007...." TR. 14. However, the ALJ's decision wholly fails to mention in what manner the "nature .. of treatment" of Mr. Cox by Dr. Herrera, Mr. Cox's treating physician, was deficient. Further, the ALJ was wrong about the number of times that Dr. Herrera treated Mr. Cox.[10] Finally, the ALJ does not even mention Mr. Cox's poverty in assigning less than considerable weight to Dr. Herrera's opinion because Mr. Cox did not take pain medications.[11] The record therefore strongly suggests that the ALJ did not accord the opinion of Dr. Herrera the weight required by law. Therefore, the ALJ's decision not to accord considerable weight to the opinion of Dr. Herrera, a treating physician, is not supported by substantial evidence, and the case is due to be remanded.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence. Accordingly, the decision of the

---

[10] The ALJ said it was five times; the record establishes it was six.

[11] Similarly, in his brief, the Commissioner did not even address the poverty-as-excusing non-compliance issue.

Commissioner will be remanded by separate order.

**DONE** this the 9th day of August, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge